IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        CRIMINAL ACTION NO. 2:09-cr-00243

DENNIS MIMMS JR.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Disclosure of Evidence, which requests certain documents related to violations in the Southern District of New York and an entry from the Probation and Pretrial Services Automated Case Tracking System ("PACTS") concerning a traffic stop in March 2010 [Docket 18]. The Government filed a timely response to the motion. (Docket 19.) For the reasons stated below, the Court **DENIES** the motion.

*I. BACKGROUND*

On July 8, 1997, Defendant was indicted for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); he pled guilty on September 22, 1997. The Honorable Charles H. Haden II sentenced Defendant to 120 months in prison. Defendant commenced supervised release on October 6, 2006 in the Southern District of New York, and then jurisdiction was transferred to the Southern District of West Virginia on October 30, 2009. A Petition for Warrant

or Summons for Offender Under Supervision was filed on February 11, 2010 based on a state driving under the influence charge to which defendant pled guilty on November 24, 2009. This Court began a revocation hearing on March 31, 2010, and directed Defendant to file a motion for disclosure, which is the subject of this opinion.

## II. DISCUSSION

Rule 32.1 of the Federal Rules of Criminal Procedure provides that for a revocation hearing, a person is entitled to "disclosure of the evidence against the person." Rule 32.1.1(b) of the Local Rules of Criminal Procedure also deals with disclosure of evidence concerning a revocation, and states: "The probation officer shall, without further request by the probationer, or releasee, or his/her counsel, disclose to the probationer or releasee or his/her counsel, all evidence against the probationer or releasee, including any potential oral statement and any potentially exculpatory material."

Further elaboration on these rules comes from Judge Haden's opinion in *United States v. Dixon*, 187 F. Supp. 2d 601 (S.D. W. Va. 2002). *Dixon* dealt with a similar motion to the one in this case; Judge Haden stated:

> It appears axiomatic defendants facing revocation shall have access to all evidence in the probation office's file that will be offered *against* them. Typically, the probation officer, as a matter of course, discloses all evidence supporting revocation to both sides and the Court well in advance of the revocation hearing. Furthermore, were the Government to uncover any additional evidence against a defendant, its obligation under Rule 32.1(a)(2)(B) would come into play. Defendants will then, as a practical matter, receive all evidence "against" them from the combined disclosures of the probation office and the Government. An additional file review would be superfluous.

187 F. Supp. 2d at 603. Judge Haden also established in *Dixon* a procedure for a defendant to obtain favorable or material information for his revocation hearing. That procedure entrusts the probation officer with the duty to "review the file and extract from it" material information. *Id.* at 604. "Information is material only if it reasonably could be expected to result in non-revocation or a lower sentence, if revocation occurs." *Id.*

Defendant's request for documents[*] related to violations in the Southern District of New York and the March 2010 PACTS entry are inconsistent with the information available to defendants under *Dixon* and the federal and local rules. The Court relies on the probation officer as a "neutral repository of information" in deciding what to reveal to defendants for a revocation hearing. *Id.* at 605. The probation officer in this case has decided that the New York violations and the PACTS entry are not evidence against Defendant that is relevant to the Court's decision of whether to revoke Defendant's supervised release. In addition, the requested information does not relate to the reason the petition was filed requesting revocation. The information that Defendant has been provided is more than sufficient to prepare him for the revocation hearing and apprise him of the evidence to be used *against* him. Accordingly, the Motion for Disclosure of Evidence [Docket 18] is **DENIED**.

### III. Conclusion

For the reasons stated above, Defendant's Motion for Disclosure of Evidence [Docket 18] is **DENIED**. The Defendant is **ORDERED** to next appear for a final revocation hearing on **May 24, 2010 at 10:00 a.m. in Charleston.**

---

[*] Arguably, Defendant is requesting access to the entire probation file. There is no basis in law to provide the entire probation file to Defendant.

**IT IS SO ORDERED**.

The Court **DIRECTS** he Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 13, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE